(42 South. 192.)

No. 16,322.

STANDARD IMPORT CO., Limited, v. NEW ORLEANS IMPORT CO., Limited.

In re STANDARD IMPORT CO., Limited.

(Oct. 15, 1906.   Rehearing Denied Nov. 12, 1906.)

1. MANDAMUS—DETERMINATION OF QUESTIONS —DENIAL OF INJUNCTION.

This court cannot undertake to decide, in the absence of full information as to the basis upon which it was predicated, that the ruling of a judge in refusing a preliminary writ of injunction was erroneous.

2. SAME.

Where, to a petition for a preliminary injunction to restrain a party, made defendant, from using an alleged imitation of a trade-mark of which the plaintiff claims to be the owner, there were annexed copies of the trade-mark and of the alleged imitation, and it can fairly be presumed that a comparison of the copies constituted, in part, the basis of the judge's action in refusing the injunction, this court will not grant a mandamus to compel the issuance of the injunction, where no such copies accompany the application for the mandamus.

(Syllabus by the Court.)

Application by the Standard Import Company, Limited, for mandamus to compel the issuance of an injunction against the New Orleans Import Company, Limited.    Writ denied.

Benjamin Rice Forman, for relator.  Respondent Judge (Clegg & Quintero, of counsel), pro se.

Statement of the Case.

MONROE, J.   Relator, having applied to the judge of the district court for a writ of injunction, and the writ having been denied, now prays for a writ of mandamus directing that it be issued.   The respondent judge, for cause why this prayer should not be granted, says (in substance) that, being of the opinion that the application for the writ of injunction, as presented to him, was one which appealed to his sound discretion, and which fell under Code Prac. art. 303, rather than under article 298 et seq., he granted a rule nisi, directing the defendant to show cause why the injunction should not issue, and, defendant having made a written and sworn return, respondent was convinced that the injunction should not issue until after a hearing of the case on the merits, and he makes the return of the defendant part of his own return, and submits that the matter is not one calling for the exercise of the supervisory jurisdiction of this court.

The petition for the writ of injunction, as presented to the respondent, alleges in substance as follows, to wit:

That the Standard Import Company, Limited, of which Edward Charbonnet is president, is doing a large business in importing tea and putting it up in suitable packages for sale throughout Louisiana; that said Charbonnet, president, about March, 1906, sketched a design for a trade-mark which he intended to use upon the packages so to be sold, and on August 22, 1906, submitted the same to a lithographer and ordered him to improve and to lithograph 500,000 copies of it, and that, as soon as said design could be lithographed, petitioner registered the same as a trade-mark, agreeably to the

provisions of Act (of the General Assembly) No. 49, p. 56, of 1898, and thereby acquired the right to its exclusive use. Petitioner further alleges that The New Orleans Import Company, Limited, herein made defendant, has stolen and appropriated said trade-mark, and has caused to be lithographed, or printed, a large number of colorable imitations thereof, which it proposes to use upon packages of inferior tea, to petitioner's great detriment. Wherefore it prays that defendant be enjoined from using said imitation, or any other imitations, of its trade-mark.

By way of return to rule nisi served on it, defendant answered, in writing and under oath, to the following effect: That it is the successor in business of McClure & Ridpath, and that for many years it and its predecessors have used a label bearing the words "Standard Tokay Pure," above a St. Andrew's cross, etc., which was registered as a trade-mark in 1889; that on August 22, 1906, and for four years prior thereto, Edward B. Charbonnet, plaintiff's president, was defendant's secretary and treasurer, and was receiving a salary of $150 a month; that on said date, and for many years prior thereto, A. V. Eckert, plaintiff's secretary and treasurer, was in defendant's employ as city salesman, and was earning about $200 a month; that, whilst in defendant's employ, said parties, with others, organized the Standard Import Company, Limited, and "within the past few days" have attempted to begin business in competition with defendant, but that said company has not sold a pound or a package of tea bearing the label described in its petition, and that its allegations are made in wanton and reckless disregard of the facts, which are that "more than six months ago" said Eckert suggested to defendant's president, McClure, that he should follow the lead of certain St. Louis merchants, who were offering premiums, such as a spoon, with each package; that McClure

declared that he would offer no prizes with "Tokay" tea, but, it being suggested that another label might be designed, then and there sketched a label, which he afterwards took to a draughtsman, and then to the lithographer, who produced the label which he annexes to his return and for the registration of which he made application on September 3, 1906. Further answering, defendant denies that it has used any design or label of plaintiff, or any imitation of any such design.

The petition and return thus referred to were accompanied by samples, or copies, of the labels mentioned in them, and upon the face of the papers thus presented to him the judge a quo declined to issue the injunction prayed for by the plaintiff, who thereafter filed a supplemental petition reiterating the allegations of the original petition, further alleging that defendant is using the label complained of upon ridiculously small packages of inferior tea, and is thereby seeking to ruin the reputation of plaintiff's goods, and renewing its application for the writ of injunction, which was again denied, whereupon plaintiff presented to this court the application now under consideration.

### Opinion.

This court is not furnished with either the labels or trade-mark of which relator asserts ownership, or the alleged imitation which the defendant is said to be using, both of which, as we understand the pleadings, were annexed to the original petition for injunction, and were, no doubt, considered by the judge a quo in denying the writ. Non constat but that, in comparing them, the learned judge failed to find that they sustain the allegations of the plaintiff's petition. At all events, and apart from other considerations, this court cannot undertake to decide, in the absence of full information

.as to the basis upon which it was predicated, that his ruling was erroneous.

It is therefore ordered, adjudged, and decreed that relator's application be denied, and this proceeding be dismissed, at his cost.